UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

——————————————————————————x

GUANG HUI ZHU,

        Plaintiff,

   -against-

SUSHI TIME 2ND AVENUE, INC., d/b/a
Sushi Time, FEI LIN, SHAN HUA CHEN
as Owners/Managers of Sushi Time and
Owners/Managers of Aja a/k/a Eno Restaurant,

        Defendants.

——————————————————————————x

```
┌─────────────────────────────────┐
│ USDC SDNY                       │
│ DOCUMENT                        │
│ ELECTRONICALLY FILED            │
│ DOC #:_____          │
│ DATE FILED:   5/21/18           │
└─────────────────────────────────┘
```

14 Civ. 4326 (CM)

DECISION AND ORDER GRANTING MOTION TO ENFORCE
SETTLEMENT AGREEMENT; ORDERING THAT THE SETTLEMENT
AGREEMENT BE REDUCED TO A JUDGMENT WITH PREJUDGMENT
INTEREST THEREON; AWARDING ATTORNEYS' FEES; AND ORDER
TO SHOW CAUSE WHY ATTORNEY BINGCHEN LI SHOULD NOT BE
SANCTIONED FOR HIS REFUSAL TO RESPOND TO OPPOSING
COUNSEL's ATTEMPTS TO COLLECT ON THE SETTLEMENT

McMahon, C.J.:

This case, brought against a restaurant under the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq*, was noticed for trial in November 2015 (Dkt. No. 23) and was marked settled in December 2015 (Dkt. No. 32). The parties filed their signed settlement agreement with the court on February 10, 2016 (Dkt. No. 36), and the court so-ordered it on March 18, 2016 (Dkt. No. 43). The individual and corporate defendants agreed to pay plaintiff a total of $45,000, in installments, payable to plaintiffs' then-counsel, Stephen Irwin, Esq. The settlement agreement gives the court continuing jurisdiction over the parties for the purpose of enforcing the settlement.

1

Defendants made a single payment of $10,000. The check bounced and had to be resubmitted. (Dkt. No. 52.) No further payment has been made. The settlement is more than two years old.

Collection counsel for plaintiff, Ricardo R., Morel, Esq., has attempted to deal with defendants' counsel about the settlement, but his overtures have been ignored. (Dkt. No. 52.) In August 2017, he served opposing counsel, Bingchen Li, Esq., with notice of breach, as required by paragraph 13 of the settlement agreement, but he received no response, either within the five-day cure period provided by Paragraph 4 of the settlement agreement or otherwise. (*Id.*; *see also* Dkt. No. 36, ¶ 4.)

The court first heard about this matter last November, when Mr. Morel entered an appearance and moved to substitute his name for the name of prior counsel as the person to whom payment should be made. (Dkt. Nos. 44, 45.) He addressed the matter to Magistrate Judge Ronald Ellis (ret.), who had superintended discovery in this matter and brokered the settlement. When the court became aware of the reference, I indicated that I would take care of the matter, rather than involve a new Magistrate Judge. (Dkt. No. 48.)

No opposition had been filed in the three months since the motion was filed, so this court granted the motion on February 20, 2018. (Dkt. No. 49.) In that Order, I directed that full payment of the settlement (which was long overdue) be made within ten days, either directly to plaintiff or to plaintiff's counsel.

No payments were made.

On April 2, 2018, plaintiff filed the instant motion to enforce the settlement agreement. (Dkt. No. 52.) No opposition has been filed to this motion.

2

The motion is granted. Defendants, and each of them, are hereby ordered to pay plaintiff the full sum due and owing on the settlement – $35,000 – together with interest calculated at the appropriate rate. The full amount is due by May 31, 2018.

A settlement agreement is a contract, like any other. Plaintiff, in reliance on defendants' promise to pay him, has executed a release of claims. He has not gotten his money. It is long overdue. The breach is plain and inexcusable.

Therefore, the court will enter judgment against defendants, and each of them, requiring them jointly and severally to pay plaintiff in full.

Plaintiff is not just entitled to $35,000. He is entitled to interest thereon, calculated on the amount of each unpaid installment from the due date of that installment. Plaintiff's counsel should submit a proper judgment with the appropriate interest calculations, including a per diem rate that the court can apply to "true up" the judgment on the date it is signed.

While the interest on a federal judgment is calculated at the Fed Funds rate, pre-judgment interest on a contract governed by New York law is 9% per annum. N.Y.C.P.L.R. §§ 5001, 5004. Counsel should apply that rate to the unpaid amounts. The federal rate will be used to accrue interest on the judgment once it is entered.

Plaintiff further seeks sanctions in the form of attorneys' fees reasonably incurred to try to collect the judgment. The motion is granted.

The settlement agreement provides that a breaching party shall be liable for the reasonable costs, attorneys' fees and disbursement required to enforce the agreement. (Dkt. No. 52-1, at 3.) Counsel has made a reasonable request for half of his regular fee – $3,000 – for the making of this motion. The motion for an award of attorneys' fees is granted. Counsel should include this award in the proposed judgment he submits to the court.

3

Finally, plaintiff moves to have defendants held in contempt of court. That motion is denied without prejudice to renewal if the judgment is not paid.

Throughout the two years that the judgment has gone unpaid, defendants' counsel appears to have been utterly uncooperative with plaintiff's counsel. This is unacceptable to the court. Therefore, Bingchen Li, Esq., c/o Law Office of Z. Tan, PLLC, 39-07 Prince Street, Flushing, New York, is ordered to show cause why he should not be sanctioned personally for failing to respond to his opponent's repeated efforts to collect on this judgment. In addition to ECF receipt, service of this order to show cause of Mr. Li at his email address – Eric-li@ncny-law.com – followed by service by first class mail, shall be deemed good and sufficient service. Proof of service must be filed, together with a representation that the email did not bounce back and that the mail was not returned to sender. Mr. Li has until June 15, 2018 to respond to this order to show cause.

Dated: May 21, 2018

_____
Chief Judge

BY ECF TO ALL COUNSEL

4